IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | | |
|---|---|---|
| Anthony R. Chambery, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NOTICE OF REMOVAL |
| v. | ) | |
| | ) | C.A. No. 9:14-cv-00060-DCN |
| Marriott Ownership Resorts, Inc. d/b/a | ) | |
| Marriott Vacation Club International, | ) | |
| Marriott Vacations Worldwide Corporation | ) | |
| d/b/a Marriott Vacations Worldwide, | ) | |
| Aon PLC d/b/a Aon Hewitt, and Aetna | ) | |
| Life Insurance Company, | ) | |
| | ) | |
| Defendants. | ) | |

**TO:   The Honorable District Court of the United States for the District of South Carolina, Beaufort Division**

Aetna Life Insurance Company ("Aetna"), Defendant in the above-captioned matter, would respectfully show unto the Court as follows:

1)      Aetna is a party to a civil action brought against it in the Court of Common Pleas of Beaufort County entitled "Anthony R. Chambery, Jr., Plaintiff v. Marriott Ownership Resorts, Inc. d/b/a Marriott Vacation Club International, Marriott Vacations Worldwide Corporation d/b/a Marriott Vacations Worldwide, Aon PLC d/b/a Aon Hewitt, and Aetna Life Insurance Company, Defendants," Case No. 2013-CP-07-3078."   This action was commenced by service of a Summons and Complaint on Aetna via its registered agent on December 23, 2013.  Copies of the Summons and Complaint served on Aetna in this matter are attached hereto as Exhibit 1.  No further proceedings have been had therein.

2)      Aetna is timely filing this Notice of Removal to the United States District Court for the District of South Carolina within 30 days of service as required by 28 U.S.C. § 1446(b).

3)     Upon information and belief, the co-defendants have not been served or otherwise appeared in this action and, therefore, they have not joined in this removal.

4)     Aetna is a corporation organized and existing pursuant to the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut.

5)     Upon information and belief, the co-defendants are entities organized and existing in states other than the State of South Carolina with their principal place of business in states other than South Carolina. *See* Complaint, ¶¶ 3 and 4.

6)     Plaintiff is, upon information and belief, a citizen and resident of the State of South Carolina.  *See* Complaint, ¶ 1.

7)      Plaintiff asserts in the Complaint that this action involves a claim for short term disability benefits allegedly due under a group plan of benefits ("the Plan").  *See* Complaint, ¶¶ 11, 16.

8)     The Plan was established and maintained by Defendant Marriott and the benefits at issue are fully insured by Aetna.  Marriott serves as the Plan Administrator for the Plan.  *See* Complaint, ¶¶ 3, 8.

9)     Plaintiff asserts in the Complaint that the Plan is a plan, fund or program established or maintained by an employee organization for the purpose of providing benefits for its participants or their beneficiaries.  *See* Complaint, ¶ 8.  Therefore, it is subject to and governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et. seq.* (ERISA) and Plaintiff has brought a claim for benefits under ERISA against Aetna.  *See* Complaint, Seventh Cause of Action.

10)     Plaintiff alleges he was employed by Marriott and was a participant in the Plan. *See* Complaint, ¶¶ 7, 8, 9.

11)    Plaintiffs' Complaint against Aetna is based on his assertion that Defendants erroneously denied Plaintiff's claim for short term disability benefits and that Aetna's decision was unreasonable, arbitrary and capricious. *See* Complaint, ¶ 23.   Plaintiff has brought claims against Aetna alleging breach of contract, bad faith denial of benefits, breach of fiduciary duty, violations of ERISA and seeking a declaratory judgment that he is entitled to short term disability benefits under the Plan.

12)    Plaintiff's claims for benefits fall squarely within the purview of section 502(a)(1)(B) of ERISA, which provides that an ERISA plan participant or beneficiary may bring a civil action "to recover benefits due . . . under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).

13)    The United States Supreme Court has held that the civil enforcement provisions of Section 502(a) of ERISA manifest "complete preemption" of this subject area and causes of action within the scope of ERISA's civil enforcement scheme are removable to federal court. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987).

14)    The claims against Aetna are completely preempted by Section 502(a)(1)(B) of ERISA and, as such, are within the original jurisdiction of the District Court of the United States pursuant to 28 U.S.C. § 1331.   Plaintiff's Complaint is therefore removable pursuant to 28 U.S.C. § 1441(b) and (c).   Any claims asserted by Plaintiff are preempted by ERISA and any remedy to which Plaintiff may be entitled is exclusively within the civil enforcement remedies of ERISA.

15)    In addition, Plaintiff's claims against Aetna seek an unspecified amount of actual, consequential, incidental and punitive damages, as well as attorney's fees.   Therefore, upon

information and belief, the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

16)     A suit between citizens of different states to recover damages in excess of $75,000.00 is an action within the original jurisdiction of the District Courts of the United States pursuant to 28 U.S.C. § 1332.  Plaintiff's Complaint is therefore removable pursuant to 28 U.S.C. § 1441(a).

17)     A copy of this Notice of Removal, with accompanying exhibit, and a Notice of Filing of Notice of Removal are being served upon Plaintiff and will be filed with the Clerk of the Beaufort County Court of Common Pleas promptly after the filing of this Notice of Removal with this Court, in accordance with the provisions of 28 U.S.C. §1446(d).

18)     Aetna submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

WHEREFORE, Aetna prays that the above case now pending against it in the Court of Common Pleas for Beaufort County, South Carolina, be removed therefrom to this Court.

s/Jennifer E. Johnsen
Jennifer E. Johnsen (Fed. ID No. 5427)
Laura T. McDonald (Fed. ID No. 9285)
GALLIVAN, WHITE & BOYD, P.A.
55 Beattie Place, Suite 1200
P.O. Box 10589
Greenville, SC  29603
(864) 271-9580
(864) 271-7502 (fax)

Greenville, SC

January 8, 2014

Attorneys for Defendant
Aetna Life Insurance Company