
CT Corporation

**Service of Process Transmittal**
12/23/2013
CT Log Number 524112641

TO: Myrna Goodrich, U13N, Paralegal
Aetna, Inc.
980 Jolly Road
Blue Bell, PA 19422-1904

RE: **Process Served in Connecticut**

FOR: Aetna Life Insurance Company (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Anthony R. Chambery, Jr., Pltf. vs. Marriott Ownership Resorts, Inc., etc., et al. including Aetna Life Insurance Company, Dfts. |
| DOCUMENT(S) SERVED: | Letter, Summons, Complaint, Jury Trial Demanded |
| COURT/AGENCY: | South Carolina County of Beaufort, SC Case # 2013CP073078 |
| NATURE OF ACTION: | Insurance Litigation - Claim for policy benefits |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Hartford, CT |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 12/23/2013 postmarked on 12/18/2013 |
| JURISDICTION SERVED: | Connecticut |
| APPEARANCE OR ANSWER DUE: | Within 30 days from the date that service of this summnos and complaint is effectuated upon you |
| ATTORNEY(S) / SENDER(S): | William B. Jung 1156 Bowman Road Ste. 200 Mount Pleasant, SC 29464 843-416-1104 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 12/24/2013, Expected Purge Date: 12/29/2013 Image SOP Email Notification, Desiree Beatty beattyd@aetna.com |
| SIGNED: | C T Corporation System |
| PER: | Gary Scappini |
| ADDRESS: | One Corporate Center Hartford, CT 06103-3220 |
| TELEPHONE: | 860-724-9044 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

William B. Jung, Esq
1156 Bowman Road, Ste. 200
Mount Pleasant, S.C. 29464
Phone (843) 416-1104





7012 3050 0000 1482 9567

CPU U.S. POSTAGE
$ 11.92⁰
MAILED DEC 18 2013
29464



# WILLIAM B. JUNG, ESQ.
BOWMAN CENTER
1156 BOWMAN ROAD, STE. 200
MOUNT PLEASANT, S.C. 29464
PHONE (843) 416-1104
FAX (855) 319-2736
EMAIL: bradjung@msn.com
WEBSITE: bradjungattorney.com

ADMITTED
SOUTH CAROLINA
NEW YORK

December 17, 2013

**CERTIFIED MAIL/RRR**

CT Corporation System
One Corporate Center
Hartford, CT 06103-3220

    Attn.: Registered Agent for Service of Process
           Aetna Life Insurance Company

    Re: Anthony Chambery v. Marriott Ownership Resorts, Inc., et al
         Case No.: 2013-CP-07-3078

Dear Sir or Madame:

    I represent the plaintiff in the above action.

    Please find enclosed a copy of the Summons and Complaint, which I asked be served upon the below defendant for whom C T Corporation System is the registered agent:

    Aetna Life Insurance Company

    Please forward these pleadings to your client's legal department. Thank you for your courtesy.

                              Sincerely yours,

                              *William B. Jung* /s/

                              William B. Jung

Encl.

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOURTEENTH JUDICIAL CIRCUIT |
| COUNTY OF BEAUFORT ) | CASE NO.: 2013-CP-07-3078 |
| ) | |
| ANTHONY R. CHAMBERY, JR., ) | SUMMONS |
| ) | |
| Plaintiff, ) | (Jury Trial Demanded) |
| ) | |
| vs. ) | |
| ) | |
| MARRIOTT OWNERSHIP RESORTS, ) | |
| INC. d/b/a MARRIOTT VACATION ) | |
| CLUB INTERNATIONAL, MARRIOTT ) | |
| VACATIONS WORLDWIDE ) | |
| CORPORATION d/b/a MARRIOTT ) | |
| VACATIONS WORLDWIDE, ) | |
| AON PLC d/b/a AON HEWITT, and ) | |
| AETNA LIFE INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

**TO THE ABOVE-NAMED DEFENDANTS:**

**PLEASE TAKE NOTICE** that you are hereby summoned and required to file with the Court and to serve an Answer to the Complaint in the above-captioned action, a copy of which is attached underneath, upon the undersigned at the address listed below within 30 days from the date that service of this Summons and Complaint is effectuated upon you.

**If you fail to file an Answer or Motion against the Complaint within 30 days, plaintiffs will apply to the Court for entry of a default judgment and for all relief demanded in the Complaint, together with the costs of this Action.**

Dated: Mount Pleasant, S.C.
December 4, 2013

William B. Jung, Esq.
1156 Bowman Road, Ste. 200
Mount Pleasant, S.C. 29464
(843) 416-1104
Attorney for the Plaintiff

1

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>)<br>COUNTY OF BEAUFORT )<br>)<br>ANTHONY R. CHAMBERY, JR., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MARRIOTT OWNERSHIP RESORTS, )<br>INC. d/b/a MARRIOTT VACATION )<br>CLUB INTERNATIONAL, MARRIOTT )<br>VACATIONS WORLDWIDE )<br>CORPORATION d/b/a MARRIOTT )<br>VACATIONS WORLDWIDE, )<br>AON PLC d/b/a AON HEWITT, and )<br>AETNA LIFE INSURANCE COMPANY, )<br>)<br>Defendants. ) | IN THE COURT OF COMMON PLEAS<br>FOURTEENTH JUDICIAL CIRCUIT<br>CASE NO.: 2013-CP-07-3078<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiff, Anthony R. Chambery, Jr. ("Chambery" or plaintiff), by his attorney, William B. Jung, Esq., as and for his Complaint against the defendants, alleges the following.

## GENERAL ALLEGATIONS

1. Plaintiff is an individual and a resident of Beaufort County, South Carolina.

2. Upon information and belief, defendant Marriott Ownership Resorts, Inc. d/b/a Marriott Vacation Club International ("Marriott Vacation Club") is a corporation organized and existing under the laws of a state other than South Carolina, which is licensed to conduct business in South Carolina, conducts business in South Carolina and/or has offices to do business in South Carolina.

3. Upon information and belief, defendant Marriott Vacations Worldwide Corporation d/b/a Marriott Vacations Worldwide ("Marriott Worldwide") is a corporation organized and existing under the laws of a state other than South Carolina, which is licensed

1

to conduct business in South Carolina, conducts business in South Carolina and/or has offices to do business in South Carolina. At all relevant time, Marriott Worldwide was the Plan Administrator for the benefits that Chambery contends have been wrongfully denied to him.

4. Upon information and belief, defendant Aon plc d/b/a Aon Hewitt ("Aon Hewitt") is a foreign corporation organized and existing under the laws of a state other than the United Kingdom, which is licensed to conduct business in South Carolina, conducts business in South Carolina and/or has offices to do business in South Carolina. At all relevant times, Aon Hewitt was the benefits administrator for the employment benefits offered by Marriott Vacation Club and Marriott Worldwide which Chambery enrolled in.

5. Upon information and belief, defendant Aetna Life Insurance Company ("Aetna") is a corporation organized and existing under the laws of a state other than South Carolina, which is licensed to conduct business in South Carolina, conducts business in South Carolina and/or has offices to do business in South Carolina. At all relevant time, Aetna was the underwriter for the STD Plan offered by Marriott Vacation Club and Marriott Worldwide that Chambery was enrolled in.

6. This Court has subject matter jurisdiction of this action and venue is proper in Beaufort County, South Carolina.

7. On or about November 23, 2011, Chambery became employed by Marriott Vacation Club as a sales executive at its "SurfWatch" complex located on Hilton Head Island, South Carolina in the marketing of time share properties and vacation packages.

8. As part of his employment with Marriott Vacation Club, Chambery was entitled and eligible to enroll in different benefit plans offered though his employment,

2

including, but, not limited to, short term disability plan ("STD") insurance coverage, long term disability plan ("LTD") Insurance coverage, life insurance coverage, health insurance coverage and dental insurance coverage.

9. Within the applicable time period to enroll for coverage of the various benefits offered by his employer, Chambery elected to enroll in STD Plan coverage, as well as, other benefits.

10. During his employment in the year 2012, Chambery was enrolled in Marriott Vacation Club's STD benefit program and is coverage for STD Plan benefits was acknowledged by defendant Aon Hewitt, which had the duty and responsibility to administer the benefits offered to Marriott Vacation Club employees and selected by said employees.

11. That heretofore, defendants Aetna, Marriott Vacation Club and/or Marriott Worldwide was obligated to issue a policy of insurance from defendant Aetna for the plaintiff, insuring the plaintiff, *inter alia*, against loss due to short term disability, as part of a Group Disability Policy for defendants Marriott Worldwide and/or Marriott Vacation Club (Group Control No. 0326404 and Claim No. 7721212 ) (the "Policy"), whereby plaintiff was to receive a monthly STD benefit in the event that plaintiff became disabled within the meaning of the policy.

12. Once Chambery was enrolled in the various employee benefit plans offered by his employer, his enrollment in said plans would continue year to year under a "passive enrollment" feature of said plans whereby his coverage would continue into the following year without change unless Chambery affirmatively elected to discontinue said coverage.

3

13. In 2012 and 2013, Chambery did not elect to withdraw his coverage and enrollment in Marriott Vacation Club's STD Plan or take any action to cancel his enrollment in STD benefit coverage.

14. At all relevant times that he was employed by defendant Marriott Vacation Club, Chambery had elected to enroll and continued to be enrolled in the STD insurance coverage offered through his employment.

15. As part of his enrollment in the employee benefit coverage offered by his employer, defendants Marriott Vacation Club, Marriot Worldwide and Aon Hewitt were obligated to maintain records of his enrollment in said benefit plans. Additionally, defendant Marriott Vacation Club was obligated to deduct the premiums for Chambery's benefit coverage from Chamber's bi-weekly salary payments.

16. In early 2013, Chambery was diagnosed with end stage kidney failure and was no longer capable of performing his employment duties. As a consequence, Chambery became totally disabled within the meaning of the STD Plan offered through his employment as of January 6, 2013, and Chambery presented a claim receipt of STD insurance benefits

17. However, due to negligent, careless and/or erroneous data storage, data transfers and/or accounting practices by defendants Marriott Vacation Club, Marriott Worldwide and/or Aon Hewitt, records of Chambery's election to enroll in his employer's STD Plan and records of his enrollment in his employer's STD Plan was lost. As a consequence, defendants Marriott Vacation Club, Marriott Worldwide and Aetna declined to award Chambery any STD benefits.

18. Plaintiff has performed all obligations and conditions required of him under the Policy, including enrolling in a timely manner for STD coverage and continuing his coverage during the time of his employment.

19. That on January 6, 2013, Chambery became totally disabled as defined by the Policy.

20. That since the effective date of his total disability, Chambery was notified that he had been terminated from his employment with Marriott Vacation Club.

21. That defendants Marriott Worldwide and Marriott Vacation Club denied plaintiff's claim and application for receipt of STD benefits and again denied reconsideration of that determination. On October 2, 2013, Aetna denied Chambery's appeal of the denial of his STD benefit claim to Marriott Worldwide.

22. That despite repeated requests and submission of evidence supporting plaintiff's entitlement to short term disability benefits, defendants Marriott Worldwide and Aetna have failed and refused, and continues to fail and refuse to provide plaintiff with STD benefits which plaintiff is entitled to receive under the Policy.

23. Defendants Marriott Worldwide and Aetna determination to deny plaintiff's claim for receipt of STD benefits under the Policy was and continues to be erroneous, unreasonable, arbitrary and capricious.

24. Plaintiff is informed and believes that defendants Marriott Worldwide and Aetna, in making a determination that plaintiff was not entitled to disability benefits under the Policy, used and employed incompetent, biased, under qualified or under trained personnel to render a decision regarding disability.

5

25. Chambery has exhausted his administrative remedied under the Policy and his claims in this action are ripe for judicial review and determination.

### AS AND FOR A FIRST CAUSE OF ACTION
(Declaratory Judgment)
(All Defendants)

26. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 25 if restated here at length.

27. There exists an actual controversy between plaintiff and defendants Marriott Worldwide, Marriot Vacation Club and Aetna as to their respective rights, remedies and obligations under the Policy. Specifically, plaintiff alleges that defendants are obligated to provide short term disability benefits under the Policy to plaintiff due to his disability and that plaintiff is entitled to all past due benefits accruing after January 6, 2013 and for the remainder of the period of short term disability and any other such amounts of restitution and damages as the court may order.

28. The plaintiff further contends that defendants have improperly and unfairly denied benefits under the Policy.

29. The plaintiff further contends that defendants have been unjustly enriched at the expense of and to the detriment of the plaintiff by wrongfully failing or improperly refusing to award benefits under the Policy to which plaintiff is entitled.

30. The defendants dispute all of plaintiff's contentions and contend to the contrary. Accordingly, plaintiff seeks a declaration as to the respective rights, remedies and obligations of the parties.

### As and For a Second Cause of Action
(Breach of Contract)
(Defendants Marriott Worldwide, Marriot Vacation Club and Aetna)

31.  Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 28 as if restated at length herein.

32.  The plaintiff fully performed all obligations under the Policy.

33.  The defendants have breached the contract terms of the Policy by failing to keep accurate records of Chambery's enrollment in Marriott Vacation Club's STD plan and by failing to provide STD benefits to the plaintiff upon his total disability, thereby causing injury and damage to Chambery and entitling Chambery to recover from defendants his actual, consequential and incidental damages, prejudgment interest, costs and attorney's fees.

**As and For a Third Cause of Action**
(Bad Faith Denial of Insurance Claim)
(Defendants Marriott Worldwide and Aetna)

34.  Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 32 as if restated at length herein.

35.  Every contract of insurance or policy of insurance imposes a duty of good faith and fair dealing on the insurance carrier.

36.  Plaintiff has fully performed all obligations under the Policy and has acted in good faith in all regards as to the Policy and to the defendants.

37.  Defendants have willfully breached the Policy and its duty of good faith and fair dealing by denying plaintiff the STD benefits due under the Policy without just cause, in bad faith and by failing to abide by the terms of the Policy, by failing to pay benefits due under the Policy and by using unqualified individuals to deny or determine whether benefits are due under the Policy.

38. Defendants' denial of plaintiff's benefits due under the Policy was willful, reckless, wanton and made in bad faith and in contradiction and breach of defendants' duty of good faith and fair dealing owed to the plaintiff.

39. Defendants' denial of plaintiff's benefits due under the Policy has directly caused injury and damages to the plaintiff, and plaintiff is entitled to recover his actual, incidental, consequential and punitive damages from the defendants, as well as, prejudgment interest.

### As and For a Fourth Cause of Action
(Breach of Fiduciary Duty)
(All Defendants)

40. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 39 as if restated at length herein.

41. With respect to the administration of the Policy, defendants owed fiduciary duties and responsibilities to the plaintiff.

42. Defendants willfully breached their fiduciary duties owed to the plaintiff by losing or misstating records of plaintiff's enrollment in STD benefit coverage during the time of plaintiff's employment and on or before the date of plaintiff's claims for receipt of STD benefits following his total disability in early 2013 and subsequently, directly or indirectly, denying and refusing to pay plaintiff the STD benefits owed under the Policy.

43. Defendants' breaches of fiduciary duties has directly caused injury and damages to the plaintiff, and plaintiff is entitled to recover his actual, incidental, consequential and punitive damages from the defendants, as well as, prejudgment interest.

### As and For a Fifth Cause of Action
(Negligence)
(Defendants Marriott Vacation Club, Marriott Worldwide and Aon Hewitt)

44. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 43 as if restated at length herein.

45. At all relevant times, defendants owed a duty to Chambery to create and maintain accurate records of Chambery's election to enroll and his previous and continuing enrollment in the employee insurance benefit plans offered through his employment.

46. At all relevant times, defendants owed a duty to Chambery to deduct the premiums for the employee insurance benefits which Chambery elected to enroll in from Chambery's salary.

47. At all relevant times, defendants owed a duty to Chambery to provide Chambery with insurance coverage in the employee insurance benefit plans for which Chambery elected to enroll and have coverage.

48. At all relevant times, defendants owed a duty to Chambery to correct and remedy any error in enrollment process and record keeping process of said enrollment to afford Chambery coverage for any employee benefit insurance plans that Chambery designated he elected to receive.

49. At all relevant times, defendants owed a duty to provide Aetna with truthful and accurate information to be considered in Aetna's evaluation of Chambery's appeal from Marriott Worldwide's determination to deny Chambery's claim for STD benefits so Aetna could make an informed and proper determination of the merits of Chambery's appeal upon the receipt of all relevant and material evidence pertaining to said appeal

50. That at some point following Chambery's enrollment in Marriott Vacation Club's STD benefit insurance plan, defendants were negligent, reckless, willful, and wanton in one or more of the following particulars:

    a. In failing to keep proper and accurate records reflecting Chambery's election to enroll in the STD insurance benefits offered through his employment;

    b. In failing to deduct premiums for Chambery's election to enroll in the STD insurance benefits offered through his employment;

    c. In failing to correct their records and reinstate Chambery in the STD insurance benefits which Chambery elected to receive;

    d. In failing to provide Chambery with STD insurance coverage upon notice that Chambery had become totally disabled within the meaning of the Policy and had made a claim for receipt of STD insurance benefits;

    f. In failing to provide Aetna with all relevant and material information pertaining to the proper consideration of Chambery's appeal from Marriott Worldwide's determination to deny Chambery's claim for receipt of STD benefits;

    g. In failing exercise the degree of care and prudence which a reasonable person should exercise under the same or similar circumstances; and

    g. For other deficiencies or failures as will be proven at trial.

51. As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness, willfulness and wantonness of the defendants, Chambery has suffered actual, direct, incidental, consequential and special damages, including, but not limited to, loss of monthly STD benefits, physical and health injuries incurred from lack of funds for medical treatment, physical pain, suffering and sickness, inconvenience, emotional

distress, anxiety, mental distress, out-of-pocket medical expenses and treatment, and associated costs and expenses of seeking treatment.

### As and For a Sixth Cause of Action
(Violations of the South Carolina Unfair Trade Practices Act)
(Defendants Marriott Vacation Club, Marriott Worldwide and Aon Hewitt)

52. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 51 as if restated at length herein.

53. The plaintiff and the defendants Marriott Vacation Club, Marriott Worldwide and Aon Hewitt are all "persons" within the meaning of S.C. Code. Ann. § 39-5-10, et seq.

54. Defendants, in its administration of short term disability insurance policies available and/or issued to persons residing in the State of South Carolina were engaged in commerce within the meaning of S.C. Code. Ann. § 39-5-10, et seq.

55. Defendants, by virtue of their above-alleged conduct in unfairly and improperly denying plaintiff the disability benefits due to the plaintiff under the Policy constitutes "unfair and deceptive practices" within the meaning of S.C. Code. Ann. § 39-5-10, et seq.

56. The conduct of defendants is capable of repetition, and, upon information and belief, has been and is capable of being repeated.

57. The conduct of defendants affects the public interest of the citizens and State of South Carolina.

58. The defendants knew, or reasonably should have known, that its misconduct violated the South Carolina Unfair Trade Practices Act, S.C. Code. Ann. § 39-5-10, et seq.

59. A direct and proximate result of defendants' violations of the S.C. Code. Ann. § 39-5-10, et seq., plaintiff has suffered damages.

60. Plaintiff is entitled to recover his actual damages from defendants' violation of the South Carolina Unfair Trade Practices Act, which amount should be trebled, together with interest and an award of plaintiff's reasonable attorney's fees.

### As and For a Seventh Cause of Action
(Violations of the Employee Retirement Income Security Act of 1974)
(Defendant Aetna)

61. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 60 as if restated at length herein.

62. Plaintiff seeks short term disability benefits under the Employee Retirement Income Security Act of 1974, 29 U.S.C. Code Ann. §§ 1001, *et seq.*, from defendant's ERISA plan pursuant to 29 U.S.C.S. § 1132(a)(1)(B), and this Court has jurisdiction to hear this claim based upon a federal question.

63. Until the summer of 2013, plaintiff was employed with defendant's insured, Marriott Vacation Club, and plaintiff elected to enroll in the STD plan insurance coverage through his employment via a plan insured by the defendant.

64. As of January 6, 2013, plaintiff became disabled under the terms of the Policy and plaintiff filed a claim for receipt of short term disability benefits due to the plaintiff in accordance with the terms of the Policy.

65. That during the summer of 2013, plaintiff's employment with defendant's insured, Marriott Vacations Worldwide, was permanently terminated by Marriott Vacations Worldwide as a consequence of the plaintiff's inability to perform the duties of his employment.

66. That defendant denied plaintiff's claim and application for receipt of short term disability benefits on October 2, 2013.

67. That, prior to October 2, 2013, plaintiff submitted further evidence supporting his claim for short term disability benefits to defendant Aetna and requested that the defendant Aetna further reconsider his claim for receipt of short term disability benefits for the time that plaintiff was eligible to receive such benefits. Nonetheless, defendant Aetna continued to deny plaintiff claim for short term disability benefits under the Policy by letter dated October 2, 2013.

68. Plaintiff has fully appealed the decision to deny his entitlement to short term disability benefits and exhausted his administrative remedies. As of this time, defendant refused to approve plaintiff's claim for receipt of short term disability benefits.

69. Plaintiff is informed and believes that he is entitled to short term disability benefits.

70. Plaintiff respectfully requests that this Court consider the administrative record compiled in this case, together with the deposition of the claims handler, and declare, pursuant to 29 U.S.C.S.§ 1132(a)(1)(B), that plaintiff is entitled to short term benefits which he seeks under the terms of the plan. Plaintiff additionally requests that the Court award his attorney's fees and costs pursuant to 29 U.S.C.S. § 1132(g).

**As and For a Seventh Cause of Action**
(Attorney's Fees)
(Defendant Aetna)

71. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 70 as if restated at length herein.

72. More than 90 days have passed since demand was made by plaintiff for payment of plaintiff's STD benefits due under the Policy.

73.  Plaintiff is entitled to recovery of an award of attorney's fees in an amount equal to one-third the face value of the STD benefits due to the plaintiff under the Policy.

**WHEREFORE**, the plaintiff prays for judgment against the defendants, jointly and severally, as follows:

1. That the Court enter an Order declaring that plaintiff is entitled to benefits under the Short Term Disability Policy at issue;

2. For all actual, compensable, incidental, consequential, punitive and treble damages to which plaintiff is entitled to recover against any of the defendants;

3. For a declaration of entitlement to the short term disability benefits he seeks pursuant to 29 U.S.C.S. § 1132(a) (1) (B), for recover attorney's fees and cost pursuant to 29 U.S.C.S. § 1132(g), and such other and further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which the benefits were payable through the time of judgment.

Dated: Mount Pleasant, S.C.
       December 4, 2013

                                    Respectfully submitted,

                                    _____
                                    William B. Jung, Esq.
                                    1156 Bowman Road, Ste. 200
                                    Mount Pleasant, S.C. 29464
                                    (843) 416-1104
                                    bradjung@msn.com

## Jury Trial Demanded

Plaintiff demands trial by jury on all issues properly tried to a jury.

_____
William B. Jung, Esq.

Dated: Mount Pleasant, S.C.
December 4, 2013